## MacFARLAND v. UNITED STATES.
### No. 6372.

United States Court of Appeals
Fourth Circuit.

Argued June 17, 1952.

Decided Sept. 11, 1952.

William J. Cocke, Asheville (W. M. Styles, Asheville, on the brief), for appellant.

Thomas A. Uzzell, Jr., U. S. Atty., Asheville, for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is an appeal from a judgment in favor of the United States in an action under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671–2680, to recover damages on account of wrongful death. Plaintiff is the administrator of the estate of Robert L. MacFarland, who was killed as the result of the collision of a motor bicycle which he was riding with a chain blocking a road which served as a private driveway on the grounds of the United States Veterans Facilities at Oteen, North Carolina. Plaintiff claimed that there was negligence on the part of officers of the government in the maintenance of this road block which caused the death of decedent. The trial judge held against plaintiff on this contention and found that the death of decedent resulted from his negligent operation of the motor bicycle.

The fatal accident occurred around 7 o'clock P.M., January 26, 1950, while decedent, a young man twenty-one years of age, was riding his motor bicycle to a Boy Scout meeting which he was to attend on the Oteen reservation or to the home of a friend who lived near the meeting place. The chain into which he ran was stretched across a paved driveway which ran parallel with the Riceville Road on the reservation and to the rear of residences fronting on that road. The driveway was an open public road for a short distance after leaving the Riceville Road near a building maintained as nurses' quarters, but south of this building was used as a private or service driveway for the residences fronting on the Riceville Road. The part used as a service driveway was blocked off by a chain stretched between posts, with stop signs to the right and left. To the right was a large white sign 2 by 3½ feet bearing the words in large black letters, "Stop—Do Not Enter". To the left was a standard highway stop sign painted yellow with black lettering. Suspended from the chain was an additional sign 8 by 18 or 20 inches in size, painted white and with the word "Stop" in black lettering. Plaintiff contends that this sign had become detached from the chain; but the judge found to the contrary and his finding is supported by positive evidence

that it was in proper place on the morning of the accident. The fact that it was detached after the accident may well have been due to the accident itself. The judge found that the driveway was adequately lighted and that the road block could be easily seen; and there is evidence to support this finding, although there is evidence that the lights were painted in such way as to prevent annoyance to occupants of the nurses' quarters and nearby residences.

There is evidence that the public was forbidden to use the driveway south of the road block, that tradesmen were allowed to use it only when they had express permission and that those using it were supposed to take down the chain for passage and replace it after they had passed. There is evidence also that decedent was thoroughly familiar with the situation and that he and others attending prior Boy Scout meetings on the reservation had been notified that facilities for the meetings were being furnished them on certain conditions, one of which was that they should not use the service driveway in connection therewith.

There is evidence to the effect that at the time of the accident decedent was operating the bicycle without lights and at a high rate of speed, and the judge so found. The speed in the service driveway was limited to twelve miles per hour and a sign near the southern end thereof bore a legend to that effect. Decedent was evidently going at an excessive rate of speed, as is shown by the fact that, although weighing around 160 pounds, he was thrown a distance of 55 feet beyond the point of collision. The trial judge found that "the plaintiff's intestate, twenty-one years of age, should not have been operating his motor bicycle in the night time without lights and at a speed or in a manner which would likely endanger his safety and which seemingly resulted in his running into the stretched chain across the roadway, the existence of which he was well aware and of the restrictions with which he was familiar."

The questions in the case are pure questions of fact and we cannot say that the trial judge was clearly wrong in his conclusions either as to negligence or contributory negligence. On the question of negligence, there is room for argument that a light should have been placed upon the road block, in view of the fact that the public was allowed to use the northern end of the road and there was danger of running into the block unless it was marked in such way as to call attention sharply to its existence. There was evidence, however, that the road block was clearly marked, that the stop sign was hanging from the chain, that the driveway was lighted so that the block and signs could be seen and that it was well known to decedent as well as others that the road was blocked off and was not to be used by the public. We cannot say that, on this evidence, the judge's finding exonerating the defendant of negligence was clearly wrong; but even if we should do so, it is perfectly clear that deceased was guilty of contributory negligence in driving his motor bicycle at an excessive rate of speed and without lights into the road block with which he was thoroughly familiar and that this would bar recovery by his administrator.

Affirmed.